No. 24-1301

In the United States Court of Appeals
for the Fourth Circuit

JACOB DOE

*Plaintiff-Appellee,*

v.

THE UNIVERSITY OF NORTH CAROLINA SYSTEM, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of North Carolina

**PLAINTIFF-APPELLEE'S OPPOSITION TO
DEFENDANTS-APPELLANTS' MOTION FOR
EXTENSION OF TIME TO FILE OPENING BRIEF**

Nesenoff & Miltenberg LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
(212) 736-4500

-and-

Ekstrand & Ekstrand, LLP
110 Swift Avenue, 2nd Floor
Durham, North Carolina 27705
(919) 416-4590

*Counsel for Plaintiff-Appellee Jacob Doe*

## INTRODUCTION

Plaintiff-Appellee Jacob Doe ("Plaintiff" or "Doe") submits this brief in opposition to Defendants-Appellants' motion for a 30-day extension of time to file their opening brief and joint appendix. For the reasons that follow, the motion to extend should be denied.

## PROCEDURAL BACKGROUND

Plaintiff commenced an action in the District Court for the Western District of North Carolina (the "District Court") in February of 2023, arising from his improper expulsion from the University of North Carolina at Chapel Hill. Defendants-Appellants ("Defendants" or "Defendants-Appellants") moved to dismiss the complaint in its entirety in May of 2023, alleging in part that Plaintiff's claims—other than the Title IX claim—were barred by the Eleventh Amendment and sovereign immunity.

On March 4, 2024, Chief Judge Reidinger denied the motions as to the majority of Plaintiff's claims, dismissing only the intentional infliction of emotional distress claim, and the negligent hiring, supervision, and retention claim (with prejudice as to Defendant Hall and without prejudice as to UNC). Defendants thereafter filed a notice of

1

appeal to this Court, challenging the District Court's March 4, 2024 decision and order on April 2, 2024. Dkt. 1.

On April 3, 2024, Defendants filed with the District Court a motion to stay the proceedings, pending a resolution of the appeal before this Court. The District Court denied Defendants' motion to stay on April 10, 2024. On April 24, 2024, this Court entered its briefing order, making Defendants' opening brief and the joint appendix due on June 3, 2024, and Plaintiff's responsive brief due on July 3, 2024. Dkt. 6.

On May 6, 2024, the Fourth Circuit Mediator issued a notice of an initial mediation conference for May 15, 2024. Dkt. 10. The Circuit Mediator also recommended that the deadline for Defendants-Appellants' opening brief and the joint appendix be extended, until June 14, 2024. Dkt.10. This Court accepted the Circuit Mediator's recommendation and issued a revised briefing schedule, making the opening brief and joint appendix due June 14, 2024, and Plaintiff's responsive brief due July 15, 2024. Dkt. 15.

On May 14, Defendants filed a motion to stay with this Court, again seeking to delay the discovery in the underlying District Court proceeding, while the appeal is pending. Dkt. 16. Plaintiff submitted a

response brief on May 20, 2024. Dkt. 18. On May 15, the parties appeared for an initial mediation conference. As the matter did not resolve at that time, the Circuit Mediator scheduled a follow up session for June 25, 2024. Importantly, the Circuit Mediator did *not* recommend that the briefing schedule be further extended in light of the scheduled follow up mediation session.

## **ARGUMENT**

Federal Rule of Appellate Procedure Rule 26(b) provides that "the court may extend the time prescribed by these rules or by its order to perform any act..." only upon a showing of *good cause*. Fed. R. App. P. 26(b). Similarly, Local Rule 31(c) states "extensions will be granted only when *extraordinary circumstances* exist...[t]he Court *discourages* these motions and may deny the motion entirely or grant a lesser period of time than the time requested." Fed. R. App. P., Local Rules of the Fourth Circuit, Rule 31(c) (emphasis added).

Defendants have failed to demonstrate either good cause for an extension, or that extraordinary circumstances exist, requiring denial of their motion. This Court has historically found good cause to exist when a party demonstrates that it is unable to meet a deadline despite

counsel's due diligence. *See, e.g. Cook v. Howard*, 484 F. App'x 805, 819 (4th Cir. 2012) (" 'Good cause' ... requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."), *citing Leary v. Daeschner,* 349 F.3d 888, 907 (6th Cir.2003)(holding that to show "good cause" a movant must demonstrate "that despite their diligence they could not meet the original deadline."); *Vercon Const., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006) ("the [scheduling] order can be modified only upon a showing of good cause. This would require the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension."); *Southern v. Bishoff*, 675 F. App'x 239, 249 (4th Cir. 2017) ("the party seeking an extension must show that, despite due diligence, it could not have reasonably met the scheduled deadlines.").

In support of their request for an extension, rather than addressing how they have demonstrated good cause, Defendants argue that counsel requires additional time to prepare their brief given other "case responsibilities and deadlines." Dkt. 20. Notably however, Defendants have two sets of attorneys, comprised of 9 attorneys total, with one group

representing them in this matter and another in the District Court matter. Accordingly, the discovery deadlines related to the District Court matter should not be considered as part of the "case responsibilities and deadlines" at issue here. The fact that Defendants' counsel is tasked with preparing for a follow up mediation session and simultaneously drafting an opening brief does not constitute good cause for a further extension. Indeed, Plaintiff's counsel will likewise be preparing for the follow-up mediation session simultaneously with the drafting of Plaintiff's responsive brief. Thus, as Defendants fail to articulate why they cannot possibly meet the deadlines currently in place despite their due diligence, they have also failed to demonstrate good cause for the requested extension, warranting denial of the motion.

Moreover, Defendants' argument that an extension will allow them to prepare "a more focused and concise brief," likewise does not constitute good cause. Certainly, the parties have an obligation to submit a focused and concise brief to this Court at all times, regardless of the deadline imposed. Once again, Defendants-Appellants seek to unnecessarily delay the legal process, further exacerbating the harm to Plaintiff. The motion to extend should therefore be denied.

5

## CONCLUSION

For the reasons set forth above, Defendants-Appellants' motion to extend the briefing deadline must be denied.

June 3, 2024

                          Respectfully submitted,

                          Nesenoff & Miltenberg, LLP

                          */s/ Tara J. Davis*
                          Stuart Bernstein
                          Tara J. Davis
                          363 Seventh Avenue, 5th Floor
                          New York, New York 10001
                          (212) 736-4500
                          sbernstein@nmllplaw.com
                          tdavis@nmllplaw.com

                          -and-

                          Ekstrand & Ekstrand, LLP

                          */s/ Robert Ekstrand*
                          Robert Ekstrand
                          110 Swift Avenue, 2nd Floor
                          Durham, North Carolina 27705
                          (919) 416-4590
                          rce@ninthstreetlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on this 3rd day of June, 2024, I filed the foregoing opposition to Defendants-Appellants' motion to extend briefing deadlines with the Clerk of Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record.

*/s/ Tara J. Davis*
Tara J. Davis

# **CERTIFICATE OF COMPLIANCE**

I certify that this brief in opposition complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 986 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief in opposition complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (6) because it has been prepared in a 14-point, proportionally spaced typeface.

*/s/ Tara J. Davis*
Tara J. Davis